1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

11   UNITED STATES OF AMERICA,

Case No.:  17-CR-01352-W

12                                           Plaintiff,

**ORDER DENYING MOTION TO**
13   v.                                                                    **REDUCE SENTENCE [Doc. 49]**

14   JOSE EDUARDO VIGNONI,

15                                           Defendant.

16

17          On December 18, 2017 this Court sentenced Defendant Jose Eduardo Vignoni to

18   eighty-four months imprisonment and three years supervised release for conspiracy to

19   import methamphetamine in violation of 21 U.S.C. §§ 952, 960, and 963.  Defendant now

20   moves for a reduction in sentence under 18 U.S.C. § 3582(c), arguing (1) that the First

21   Step Act of 2018 created a sentencing disparity between his sentence and the sentence a

22   similarly situated defendant would receive today and (2) that his health conditions make

23   him particularly susceptible to becoming severely ill if re-infected by COVID-19.

24
25
26

1

27

17-CR-01352-W

28

1    18 U.S.C. § 3582(c) provides that a defendant may bring a motion only after he has

2  "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons" to

3  bring a motion on his behalf.  Defendant has satisfied the exhaustion requirement and the

4  Court has jurisdiction and for the reasons below **DENIES** Defendant's motion.

5    Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of

6  imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the

7  court finds that "extraordinary and compelling reasons warrant such a reduction" and

8  "such a reduction is consistent with applicable policy statements issued by the Sentencing

9  Commission."  The United States Sentencing Commission ("USSG") recognizes that

10 certain medical conditions may constitute an "extraordinary and compelling reason"

11 warranting a reduction in sentenced under § 3582.  See USSG § 1B1.13.  However,

12 application note 1(A) limits a reduction for medical conditions to "terminal illness" or if

13 the defendant is:

14        (I) suffering from a serious physical or medical condition,

15        (II) suffering from a serious functional or cognitive impairment, or

16        (III) experiencing deteriorating physical or mental health because of

17        the aging process,

18    that substantially diminishes the ability of the defendant to provide self-care

19    within the environment of a correctional facility and from which he or she is

20    not expected to recover.

21 U.S.S.G. § 1B1.13, cmt. n.1(A)(i)-(ii).

22    Defendant's medical ailments do not meet these limitations.  Defendant, by his

23 declaration, asserts a history of bronchitis, asthma, pneumonia, ulcers, smoking and high

24 blood pressure.  There is no evidence those conditions are not being professionally

25

17-CR-01352-W

27

28

1   managed.  Defendant's medical records do not reflect a diagnosis of hypertension.

2   Ordinary hypertension (high blood pressure) is not one of the conditions identified by the

3   CDC as increasing a person's risk for developing serious illness from COVID-19.

4        The potential to contract COVID-19, which threatens every non-immune person in

5   the country, does not constitute an "extraordinary and compelling" reason warranting a

6   reduction in sentence under 18 U.S.C. § 3582(c).  This is especially true for a person,

7   such as Defendant, who has previously contracted and recovered from COVID-19.

8        The Court agrees with Defendant that it can consider factors outside of those

9   articulated in the Sentencing Commission's policy statement in deciding his motion to

10  reduce sentence.  However, the Court is not persuaded that the "extraordinary and

11  compelling" standard can be satisfied by claims of legal error which can be addressed by

12  habeas petition.  See United States v. Lisi, 440 F. Supp. 3d 246, 251 (S.D.N.Y. 2020)

13  (finding "that it would be both improper and inconsistent with the First Step Act to allow

14  Lisi to use 18 U.S.C. § 3582(c)(1)(A) as a vehicle for claiming legal wrongs, instead of

15  following the normal methods of a direct appeal or a habeas petition").  While the First

16  Step Act allowed certain defendants with more than one Criminal History Point to qualify

17  for Safety Valve and avoid a mandatory minimum sentence, Congress did not make that

18  change retroactive.  Here, the Defendant received a sentence below the mandatory

19  minimum pursuant to 18 U.S.C. § 3553(e).  His sentence is 36 months below the

20  mandatory minimum for his offense of conviction, which is 120 months.  Defendant also

21  has two drug trafficking convictions.  Drug traffickers, especially repeat drug traffickers,

22  present a danger to the public.

23

24

25

26                                        3

27                                                                    17-CR-01352-W

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Based on the foregoing, Defendant is not eligible for a sentence reduction due to extraordinary and compelling reasons.  Defendant's motion to reduce sentence [Doc. 49] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 29, 2021

_____
Hon. Thomas J. Whelan
United States District Judge

4

17-CR-01352-W